MEMORANDUM *
Defendant Salvador Martinez appeals the district court’s denial of his habeas petition after an evidentiary hearing. Martinez was convicted in state court of rape, forcible sexual penetration with a foreign object, and second degree kidnaping.[1] The district court certified four claims for appeal. Because none presents reversible error, we affirm the district court’s denial of the habeas petition.
First, Martinez’s attorney, Richard Toothman, did not suffer from a conflict of interest that adversely affected his representation of Martinez. See Mickens v. Taylor, 535 U.S. 162, 172 n. 5, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). Martinez has not offered evidence that suggests Toothman’s representation was influenced by the prior representation of the victim, Sheryl Rumph, or the witness, Crystal Quillen, by the Idaho Public Defender’s office. Toothman did not have an actual conflict of interest such that prejudice may be presumed for an ineffective assistance of counsel claim. See Cuyler v. Sullivan, 446 U.S. 335, 349, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
Second, Martinez has not shown that there was a breakdown in communication or an irreconcilable conflict between Martinez and his attorneys sufficient to conclude that Martinez was constructively denied counsel. See Schell v. Witek, 218 F.3d 1017, 1026 (9th Cir.2000) (en banc). The communications from Toothman and Joseph Ellsworth, although minimal, were sufficient to prevent a complete breakdown in communication, such that prejudice could be presumed, and Martinez has not shown that he was prejudiced from the lack of more communication. We conclude that Martinez did not receive ineffective assistance of counsel from his representation.
Third, assuming that the state court failed to inquire sufficiently into the asserted conflict in Martinez’s motion for substitution of counsel, any such error was harmless because Martinez’s Sixth Amendment rights were not violated. See id.
Fourth, Martinez claims that Toothman’s failure to interview Mary Polisso or to call her as a testifying witness was ineffective assistance of counsel. Polisso arrived at the scene of the crime long after the critical periods of victimization. We agree with the district court that Polisso’s testimony that Rumph did not act like the typical rape victim disregards the type of crime which occurred here. The evidence shows that Martinez and Rumph had been acquainted for some time and that Martinez had a history of violence and intimidation towards Rumph. Whether Rumph was outwardly hostile towards Martinez nine hours after the kidnaping and rape had begun is not highly probative on the fundamental issue of consent to the sexual activity, and at most was marginally relevant. Moreover, counsel had reason to be concerned that Polisso would not be a good witness, and the decision not to call *858 her is within the normal range of trial counsel’s responsibility for strategy. We conclude that, even assuming counsel’s failure to call this witness to testify was deficient performance, Martinez was not prejudiced by any failure to offer Polisso’s testimony and the district court did not abuse its discretion in denying an evidentiary hearing on this issue.
Martinez has argued several uncertified issues on appeal. We construe this argument as a motion to expand the Certificate of Appealability and we deny the motion because Martinez has not made a substantial showing of a constitutional violation. See 9th Cir. R. 22-l(e).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.